# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | |
|---|---|
| LEI MING-XI, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case Number: 4:16-cv-00010-MHH-JHE |
| ) | |
| LORETTA LYNCH. et al., ) | |
| ) | |
| Respondents. ) | |

## MEMORANDUM OPINION

On January 4, 2016, Petitioner Lei Ming-Xi ("Ming-Xi") filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1). When he filed his petition, Ming-Xi, a native of China, was incarcerated at the Etowah County Detention Center, in the custody of the Bureau of Immigration and Customs Enforcement ("ICE"). In his petition, Ming-Xi alleged that he was being illegally detained by ICE pending his deportation to China. On April 5, 2016, Ming-Xi was repatriated to China. (Doc. 6, 6-1). Respondents have filed a motion to dismiss the action as moot because Ming-Xi is no longer in ICE custody. (Doc. 6). For the reasons stated below, the Court will grant the Respondents' motion and dismiss the action as moot.

Article III of the Constitution limits the jurisdiction of federal courts to the consideration of "cases or controversies." U.S. CONST. art. III, § 2. The doctrine

of mootness is derived from this limitation because "an action that is moot cannot be characterized as an active case or controversy." *Adler v. Duval Cnty. Sch. Bd.*, 112 F.3d 1475, 1477 (11th Cir. 1997).  A case is moot and must be dismissed if a court can no longer provide "meaningful relief." *Nyaga v. Ashcroft*, 323 F.3d 906, 913 (11th Cir. 2003) (citations omitted).  Ming-Xi's release from ICE custody rendered his petition moot.

In his petition, Ming-Xi asks the Court to release him from ICE custody. Because Ming-Xi no longer is in ICE custody, his petition has been rendered moot unless an exception to the mootness doctrine applies.  There are two exceptions to the mootness doctrine: (1) collateral consequences and (2) "capable of repetition yet evading review." *Carafas v. LaVallee*, 391 U.S. 234, 237 (1968); *Murphy v. Hunt*, 455 U.S. 478, 482 (1982).  Neither exception applies here.  The collateral consequences exception does not apply because there are no "disabilities or burdens which may flow" from the custody that Ming-Xi challenges. *See Carafas*, 391 U.S. at 237.  The exception for events "capable of repetition, yet evading review" does not apply here either. Petitioner has been released from custody, and the potential for the circumstances surrounding this case to happen again is too speculative to create an actual controversy sufficient to support a claim for relief. *See Weinstein v. Bradford*, 423 U.S. 147, 149 (1975) (holding that the "capable of repetition, yet evading review" exception applies when (1) the challenged action is

too short in duration to be fully litigated prior to its cessation or expiration, and (2) there is a reasonable expectation that the same complaining party would be subjected to the same action again.).  Because there is no longer relief that the Court may grant to Ming-Xi, his petition should be dismissed as moot.

Based on the foregoing, the Court grants the Respondents' motion to dismiss.  A separate order will be entered.

**DONE** and **ORDERED** this April 29, 2016.

_____
**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE